IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN L.,[1]

                           Plaintiff,                    Civ. No. 3:18-cv-00920-MC

    v.                                                 **OPINION AND ORDER**

**NANCY A. BERRYHILL**, Acting
Commissioner of Social Security

                           Defendant.

_____

**MCSHANE, Judge:**

      Plaintiff Susan L. brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons that follow, the Commissioner's final decision is reversed and remanded for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental parties in this case.

Page 1 – OPINION AND ORDER

## BACKGROUND

Born in November 1961, Plaintiff was 52 years old on her alleged onset date of January 1, 2014. Tr. 64.[2] She has a high school education, completed beauty school, and worked as a hairstylist and hair cutting instructor. Tr. 7, 22, 313, 333, 503. She alleged disability due to rheumatoid arthritis, headaches, and high blood pressure. Tr. 312.

Plaintiff filed her applications for SSI and DIB on September 29, 2014. Tr. 64, 279-93. The claims were denied initially and upon reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 251. Plaintiff appeared before ALJ Christopher Dillon on September 29, 2016 and January 3, 2017. Tr. 1-45. In a written decision dated June 13, 2017, the ALJ denied Plaintiff's applications. Tr. 105-15. The Appeals Council denied Plaintiff's subsequent petition for review, rendering the ALJ's decision final. Tr. 121-27. Plaintiff now seeks judicial review.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

---

[2] "Tr." refers to the Transcript of the Social Security Administrative Record, ECF No. 10, provided by the Commissioner.

**DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests upon the claimant at steps one through four, and with the Commissioner at step five. *Id.*; *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also Bustamante*, 262 F.3d at 953–54.

In his written decision, the ALJ first found that Plaintiff was the unmarried widow of the deceased insurance worker and met the non-disability requirements for disabled widow's benefits. Tr. 105. The ALJ then proceeded to perform the sequential evaluation for Plaintiff's DIB and SSI claims. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 1, 2014, the alleged onset date. *Id*. At step two, the ALJ determined that Plaintiff had the following severe impairments: cervical spine disorder; carpal tunnel syndrome and mild degenerative joint disease of upper extremities (hands, wrists, and elbows); respiratory disorder; hypertension; migraines; and obesity. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the listings. Tr. 106; 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to step four, the ALJ determined that Plaintiff's RFC allowed her to perform work with the following limitations:

> [Plaintiff can lift] no more than 20 pounds at a time with frequent lifting or carrying of objects weighting up to 10 pounds; pushing or pulling similar amounts; standing, walking, and sitting for up to 6 hours each; no climbing of ropes/ladders/scaffolding; no more than occasional ability to perform all other postural activity; no more than frequent reaching but no reaching above shoulder level; no more than frequent handling and fingering, bilaterally; no more than occasional exposure to environmental extremes, such as dust, gas, fumes, heat[,] cold, humidity.

Tr. 108. At step four, the ALJ found that Plaintiff capable of performing her past relevant work as a teacher/vocational trainer hair cutter and hair stylist. Tr. 112-13. The ALJ also found that, in the alternative, Plaintiff retained the RFC to perform other jobs in the national economy including cafeteria attendant, photocopy machine operator, and mail clerk. Tr. 114. The ALJ therefore concluded that Plaintiff was not disabled from January 1, 2014 through the decision date. *Id.*

Plaintiff contends the ALJ erred by: (I) failing to provide clear and convincing reasons to reject her subjective symptom testimony; (II) failing to credit the medical opinions of Brent Hoffman, D.O., Nancy Shipley, M.D., and Lynn Bell, M.D.; and (III) relying on the VE testimony at steps four and five.

I. **Subjective Symptom Testimony**

Plaintiff first argues that the ALJ failed to provide clear and convincing reasons for discounting her subjective symptom testimony. An ALJ may only reject testimony regarding the severity of a claimant's symptoms if she offers "clear and convincing reasons" supported by "substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The ALJ, however, is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). In assessing credibility,

the ALJ "may consider a range of factors." *Ghanim*, 763 F.3d at 1163. These factors include "ordinary techniques of credibility evaluation," a plaintiff's daily activities, objective medical evidence, treatment history, and inconsistencies in testimony. *Id*. An ALJ may also consider the effectiveness of a course of treatment and any failure to seek further treatment. *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996); *Molina*, 674 F.3d at 1113.

Plaintiff alleged she was unable to work primarily because her left and right hands are painful, lack strength, and go numb. Tr. 334-41. She alleged problems holding scissors and other items, and difficulty performing several daily activities. *Id*. She also suffers from migraines and neck pain and stiffness.

The ALJ rejected Plaintiff's testimony. Tr. 109. He first noted that Plaintiff's testimony was inconsistent with her daily activities. The ALJ may consider a claimant's daily activities when assessing their credibility. *Ghanim*, 763 F.3d at 1163. Here, the ALJ noted that while Plaintiff testified that she has a painful neck condition and has difficulty using her hands and arms, she was also able to wash dishes, do laundry, clean her home, prepare meals, drive a car, and go dancing once a month. Tr. 109, 334-41. While these activities involved use of her hands, however, Plaintiff explained that she performed activities with help or for short, non-recurring periods of time. It was therefore not reasonable for the ALJ to infer that these activities were inconsistent with Plaintiff's allegedly disabling physical limitations. *Ghanim*, 763 F.3d at 1163.

The ALJ also noted that Plaintiff managed her pain with conservative treatment. Impairments that can be controlled effectively are not disabling, and conservative treatment can be "sufficient to discount a claimant's testimony regarding [the] severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007); *Warre v. Comm'r*, 439 F.3d 1001, 1006) (9th Cir. 2006). Here, the ALJ noted that medication alleviated Plaintiff's migraine symptoms, and she did

not take any pain medication for her neck pain and stiffness. Tr. 109-10, 1141 (treatment note that Plaintiff's migraines were controlled with Topamax). Plaintiff's hypertension was also generally controlled with medication. As noted, however, Plaintiff alleges inability to work due to problems with her hands and wrists. Plaintiff's migraines, hypertension, and neck issues were secondary to her allegedly disabling hand condition. The fact that Plaintiff sought minimal treatment and controlled these conditions with medication therefore does not constitute a clear and convincing reason to reject Plaintiff's subjective symptom testimony. *Parra*, 481 F.3d at 750-51.

Finally, the ALJ noted that Plaintiff's testimony was unsupported by the medical record. Tr. 109. Lack of support from the medical evidence can add weight to an ALJ's rejection of claimant's testimony when other clear and convincing reasons are present. *Carmickle v. Comm'r*, 533 F.3d 1155, 1162-63 n.4 (9th Cir. 2008). The Commissioner argues that the ALJ referred to several treatment notes that undermine Plaintiff's allegations. For example, treating physician Brent Hoffman, M.D., noted that Plaintiff's neck and arm conditions were not limiting. Tr. 1129. As noted, however, Plaintiff alleged disability due carpal tunnel syndrome and problems with her hands; not with her neck and arms. Tr. 334-41. On this record, the ALJ's credibility determination was not supported by substantial evidence.

## II.     Medical Evidence

Plaintiff next argues that the ALJ erroneously evaluated the medical evidence. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec. Admin*., 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" *Id*. (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and

legitimate reasons that are supported by substantial evidence.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id*. at 1012-13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

1.  **Dr. Hoffman**

Treating physician Dr. Hoffman completed a medical source statement in March 2014. Tr. 1127-30. He noted Plaintiff's diagnosis of carpal tunnel syndrome with numbness and weakness in both hands. Tr. 1214. He opined Plaintiff was unable to perform repetitive motions or hold objects for prolonged periods of time, and that she "clearly would not be able to participate in her prior line of employment." *Id.* Dr. Hoffman also found that Plaintiff cannot perform fine manipulation and can carry only 5-10 pounds for short distances and short periods of time. Tr. 1129. He stated that Plaintiff's ability to grip was extremely limited, although her neck and arm issues were not limiting. *Id.*

The ALJ gave little weight to Dr. Hoffman's opinion. Tr. 110-11. First, he found that Dr. Hoffman's conclusions conflicted with his own treatment notes. *Id.* An ALJ may reject a

physician's questionnaire responses when they are inconsistent with his own treatment records. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ found that, despite endorsing extreme limitations related to Plaintiff's wrists in his medical source statement, Dr. Hoffman's treatment notes advised against carpal tunnel release, and instead recommended a more conservative approach involving injections. Tr. 1133. However, the record shows that medical sources found Plaintiff's symptoms were more consistent with ulnar compression that would not respond to a carpal tunnel release. Tr. 1117-23., 1127, 1132-33. Dr. Hoffman's recommendation for injection was thus consistent with findings of moderate to moderately severe bilateral carpal tunnel syndrome. Tr. 1117-23. The ALJ also noted that despite assessing severe limitations, Dr. Hoffman found Plaintiff's neck and arm issues were not noted to be limiting. Tr. 110-11, 1129. The same treatment note however goes on to point out that Plaintiff's grip was extremely limited. *Id.* This is consistent with Dr. Hoffman's conclusions about Plaintiff's extreme physical limitations. On this record, it was not reasonable for the ALJ to conclude that Dr. Hoffman's opinion was not consistent with his own treatment notes. *Tommasetti*, 533 F.3d at 1041.

The ALJ next noted that Dr. Hoffman based his opinion in part on Plaintiff's subjective complaints, which he rejected. Tr. 111. The ALJ may reject a physician's opinion where it is based in part upon a claimant's properly discounted testimony. *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). As discussed above, however, the ALJ erred in his rejection of Plaintiff's testimony. The ALJ also failed to state clearly which of Dr. Hoffman's conclusions were based upon Plaintiff's testimony and not on the extensive record of objective treatment notes. *See, e.g.*, Tr. 1129, 1214 (clinical findings supporting Dr. Hoffman's opinion); 1117-23 (electro-diagnosis supporting Dr. Hoffman's opinion); 1220 (medical review by another physician supporting Dr.

Hoffman's opinion). Dr. Hoffman's reliance on Plaintiff's statements was therefore not a clear and convincing reason for rejecting his medical opinion.

Finally, the ALJ found that Plaintiff's daily activities contradicted the severe limitations assessed by Dr. Hoffman. Tr. 111. The ALJ may reject a physician's opinion to the extent that it conflicts with the claimant's daily activities. *Morgan v. Comm'r*, 169 F.3d 595, 601-02 (9th Cir. 1999). Here, the ALJ noted that while Dr. Hoffman opined Plaintiff was extremely limited in her ability to grip, Plaintiff was able to make meals, drive a car, shop in stores, push a cart, and carry grocery bags. Tr. 111. The record clarifies however that Plaintiff required assistance carrying bags, could only drive for short periods of time, could only shop once a week, and could no longer perform tasks like gardening or mowing the lawn. Tr. 16, 337. Plaintiff's daily activities were consistent with Dr. Hoffman's assessment of her limitations. On this record, the ALJ failed to provide legally sufficient reasons supported by substantial evidence for rejecting Dr. Hoffman's opinion.

**2. Dr. Shipley**

Dr. Shipley examined Plaintiff for her worker's compensation claim in March 2014. She noted 5/5 muscle strength in Plaintiff's right upper extremity, with the exception of 4/5 strength thumb abduction. Dr. Shipley also found Plaintiff had difficulty sustaining full strength on motor testing in the hand and wrist in her right elbow. Tr. 633-34.

The ALJ gave some weight to Dr. Shipley's opinion but rejected her contention that Plaintiff has difficulty sustaining full strength on motor testing in the hand and wrist in her upper right extremity. Tr. 111, 633. The ALJ found Dr. Shipley's opinion was vague and inconsistent with Plaintiff's daily activities of cooking, driving, shopping, carrying bags, and pushing a cart regularly. *Id.* While the ALJ may reject a physician's opinion to the extent that it conflicts with

the claimant's daily activities, the ALJ's analysis of Plaintiff's activities was not reasonable, as discussed above. *Morgan*, 169 F.3d at 601-02.

The ALJ also stated that the medical evidence of record did not support Dr. Shipley's opinion, but offered no further explanation and failed to cite any contradictory medical evidence. Tr. 112. On this record, the ALJ failed to provide clear and convincing reasons to reject Dr. Shipley's opinion.

### 3. Dr. Bell

Dr. Bell completed a worker's compensation evaluation of Plaintiff in August 2013. Tr. 112. She opined Plaintiff's bilateral hand and wrist conditions may prevent her from performing her past work because they involve frequent wrist movement, and that she would need to take frequent breaks from activities that involve frequent wrist movement. Tr. 714-16, 1034-36.

The ALJ first noted that Dr. Bell's opinion was rendered prior to the alleged onset date and was therefore of limited relevance. Tr. 112; *Carmickle*, 533 F.3d at 1165. The ALJ however failed to consider how Dr. Bell's opinion was bolstered by other treating and examining physicians following Plaintiff's alleged onset date. Moreover, Plaintiff's activities, as discussed above, do not contradict Dr. Bell's severe limitations on Plaintiff's use of her hands and wrists. In sum, the ALJ failed to provide legally sufficient reasons to support his evaluation of the medical opinion evidence.

## III. Reliance on VE Testimony and Remand

Plaintiff also argues that the ALJ erred by relying on the VE testimony because it was based on an incorrect RFC. As discussed above, the ALJ erred in his evaluation of the medical evidence and in his rejection of Plaintiff's testimony, and therefore did not include all of Plaintiff's

limitations in the RFC. The ALJ thus presented an incomplete hypothetical to the VE and was not entitled to rely on the VE testimony.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test. *Id.* at 1020; *see also Treichler v. Comm'r*, 775 F.3d 1090, 1100 (9th Cir. 2014) ("credit-as-true" rule has three steps). First, the ALJ must fail to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Garrison*, 759 F.3d at 1020. Second, the record must be fully developed, and further administrative proceedings would serve no useful purpose. *Id.* Third, if the case is remanded and the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled. *Id.* To remand for an award of benefits, each part must be satisfied. *Id.*; *see also Treichler*, 775 F.3d at 1101 (When all three elements are met, "a case raises the 'rare circumstances' that allow us to exercise our discretion to depart from the ordinary remand rule."). The "ordinary remand rule" is the proper course except in rare circumstances. *Treichler*, 775 F.3d at 1101.

Here, the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's testimony and the medical opinions of Drs. Hoffman, Shipley, and Bell. In his written decision, the ALJ credited the opinions of consultative physicians that conflicted with the erroneously rejected evidence. Remand is therefore appropriate to give the ALJ the opportunity to properly resolve outstanding conflicts in the medical record and, if necessary, formulate a new RFC and take new testimony from a vocational expert. Because there are outstanding issues that must be resolved before a determination of disability can be made, the case is remanded for further proceedings.

## **CONCLUSION**

For the reasons stated above, the Commissioner's final decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this 6th day of August, 2019.

                    _s/Michael J. McShane_____
                            Michael McShane
                        United States District Judge